# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| CHARLES HOLT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:21-cv-06143-RK |
| | ) |
| BRADKEN, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Charles Holt's ("Plaintiff") Motion to Remand. (Doc. 11.) The motion is fully briefed. (Docs. 14, 17.) For the reasons set forth below, Plaintiff's Motion to Remand (Doc. 11) is **GRANTED**.[1]

## Background

Plaintiff alleges that Defendant terminated his employment after Plaintiff reported a work-related injury and filed a workers' compensation claim. Specifically, Plaintiff asserts that "as a direct and proximate result of his injury on the job, his subsequent workers['] compensation filing, and his medically-imposed light duty status as he recovered from the surgery to address his work-related injury, [Defendant] terminated [Plaintiff] from his employment." (Docs. 1-2 at 6.) Plaintiff contends that he underwent two surgeries and sustained intense pain and physical limitation in his hands as a result of the repetitive motion his position with Defendant as a welder and grinder operator required.

Plaintiff brought this action in the Circuit Court of Platte County, Missouri alleging (1) workers' compensation discrimination in violation of § 287.780, RSMo, and, in the alternative, (2) a common law tort claim for wrongful discharge in violation of public policy. Defendant timely removed the case, invoking the Court's diversity of citizenship and federal question jurisdiction. Defendant also alleged that Plaintiff fraudulently pleaded his claim under § 287.780 to thwart removal.

---

[1] Also pending is Defendant's Motion to Dismiss. (Doc. 19.) Because the Court finds it lacks subject matter jurisdiction and remands this case to state court, Defendant's Motion to Dismiss is not taken up in this Order.

Plaintiff now moves to remand the proceedings on the ground that this Court lacks subject matter jurisdiction because the parties are not completely diverse, and this case raises no federal question. Furthermore, Plaintiff asserts that he did not fraudulently plead under § 287.780, and that this case is not removable pursuant to the forum-defendant rule.

Further facts are set forth as necessary.

## Removal Standard

Defendant, as the party opposing remand, bears the burden of establishing federal jurisdiction. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002). In general, federal courts only have jurisdiction over (1) cases involving a federal question, and (2) cases where there is complete diversity between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because federal courts are courts of limited jurisdiction, removal statutes are "strictly construed against the intrusion on the right of state courts to decide their own controversies, and all doubts about the propriety of removal are resolved in favor of remand." *Allmond v. Dorel Juvenile Grp., Inc.*, No. 3:19-05058-CV-RK, 2019 WL 4696419, at *3-4 (W.D. Mo. Sep. 26, 2019). Furthermore, given the strict construction of removal statutes, the party seeking removal bears the burden of proving federal jurisdiction by a preponderance of evidence. *See In re Preempro Prods. Liab. Litig.,* 591 F.3d 613, 620 (8th Cir. 2010); *Mikelson v. Allstate Fire & Cas. Ins. Co.*, No. 16-01237-CV-W-RK, 2017 WL 634515, at *3 (W.D. Mo. Feb. 16, 2017) (citing *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941); *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)).

## Discussion

In his Motion to Remand, Plaintiff argues Defendant improperly removed the case because (1) Plaintiff's claim does not raise a federal question, (2) inasmuch as the parties are diverse, the forum-defendant rule precludes removal because Defendant is a citizen of Missouri, and (3) Plaintiff did not fraudulently plead his claim under § 287.780 to avoid removal. In opposition, Defendant argues (1) this Court has federal question jurisdiction because Plaintiff's claim is preempted by federal law, (2) Defendant is not a citizen of Missouri and therefore the forum-defendant rule does not bar removal, and (3) Plaintiff fraudulently pleaded his claim under § 287.780 because there is insufficient proof to show that Defendant could have created Plaintiff's employment contract in Missouri.

2

Case 5:21-cv-06143-RK    Document 25    Filed 04/18/22    Page 2 of 8

## I. Federal Question Jurisdiction

It is undisputed that neither Plaintiff's state-law workers' compensation retaliation claim nor Plaintiff's alternative common law claim of wrongful discharge in violation of public policy arise under federal law. Instead, Defendant argues federal question jurisdiction exists here because section 301 of the Labor Management Relations Act of 1947 ("LMRA") completely preempts Plaintiff's claims. Specifically, Defendant argues Plaintiffs' claims are preempted by the LMRA because their resolution requires the interpretation of Defendant's collective bargaining agreement ("CBA"). The Court disagrees.

"Federal district courts have original jurisdiction over civil actions arising under federal law." 28 U.S.C. § 1331. "A cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Crews v. Gen. Am. Life Ins. Co.*, 274 F.3d 502, 504 (8th Cir. 2001). Under an exception to the well-pleaded complaint rule, a party may remove a state-law claim to federal court when a federal statute completely preempts the state-law cause of action. *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015) (quoting *Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)). Section 301 of the LMRA preempts the application of state law only if such application requires the interpretation of a CBA. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988). However, "the presence of a federal question, even a §301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule – that the plaintiff is the master of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). Congress has long held that federal defenses do not provide a basis for removal. *Id.* at 399 (citation omitted).

This Court does not have federal question jurisdiction because Defendant's federal defense does not preempt Plaintiff's state law claims. Throughout its briefing opposing Plaintiff's Motion to Remand, Defendant asserts this Court must interpret Defendant's CBA to resolve Plaintiff's claims. For example, Defendant argues, "there is no dispute that the stated reason for terminating Holt's employment was that he violated Defendant's attendance policy." (Doc. 14 at 12.) Furthermore, Defendant asserts that "this necessarily will require an interpretation of the Company's Attendance and Tardy Policy, as well as provisions within the Collective Bargaining Agreement[.]" (*Id.*) However, as Plaintiff identifies in his Motion to Remand, Plaintiff "has not

3

asserted that he was fired for violating the attendance and tardy policies." (Doc. 11 at 6.) Rather, "[h]e has asserted that he was terminated in retaliation for having filed a workers['] compensation claim." (*Id.*)

Thus, because the Defendant's attendance policies and its CBA will arise in this case only as part of Defendant's defense, the Court finds that Defendant's argument as to the existence of federal question jurisdiction in this case is without merit.

## II. Diversity Jurisdiction

Next, Plaintiff argues inasmuch as complete diversity exists,[2] Defendant is a citizen of Missouri, where its principal place of business is located, and thus the forum-defendant rule applies.

Diversity jurisdiction exists if the amount in controversy exceeds $75,000 and if the parties are citizens of different states. 28 U.S.C. § 1332; *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011). The second diversity jurisdiction requirement mandates "complete diversity," or that "no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010). "Congress has granted defendants sued in state court the right to remove the suit to federal district court if the civil action is one 'of which the district courts . . . have original jurisdiction.'" *Holbein v. TAW Enters.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (*en banc*) (quoting 28 U.S.C. § 1441(a)). The forum-defendant rule, however, prevents removal to a federal district court when that action is removeable solely based on diversity jurisdiction, and "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* (quoting 28 U.S.C. § 1441(b)(2)). "If the motion to remand is based on any removal defect other than lack of subject matter jurisdiction, that motion must be made within 30 days after the filing of the notice of removal." *Id.* A party who fails to object to removal based on such defects waives their right to use the forum-defendant rule. *Id.*

Here, neither party disputes that the case satisfies diversity of citizenship jurisdiction in some form. As to its citizenship for diversity jurisdiction purposes, Defendant argues its corporate

---

[2] There is no question Plaintiff is a citizen of Kansas for diversity jurisdiction purposes. (Doc. 1-2 at ¶ 2.) Defendant argues it is either a citizen of Delaware or Australia, although Plaintiff contends Defendant is a citizen of Missouri, where its principal place of business is located. Whatever the case, the only issue here is whether Defendant is a citizen of Missouri for diversity purposes such that the forum-defendant rule applies to bar Defendant's removal from Missouri state court to this Court.

4

headquarters are located in Newcastle, Australia, and it is incorporated in Delaware. (Doc. 14 at 3, 6.) Plaintiff argues Defendant must be considered a citizen of Missouri for diversity jurisdiction purposes, however, because corporate filings indicate its principal place of business is located in Kansas City, Missouri. (Doc. 11 at 2-5.) Defendant argues Kansas City, Missouri, is not its "nerve center" for diversity jurisdiction purposes as defined by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). (Doc. 14 at 3-9.)

A corporation has dual citizenship for purposes of diversity jurisdiction. *See Hertz Corp.*, 559 U.S. at 80. "A corporation shall be deemed to be a citizen of any State by which it has been incorporated *and of the State where it has its principal place of business.*" *Id.* at 80 (quoting 28 U.S.C. § 1332(c)(1) (emphasis in original)). A company's principal place of business is the location of its "nerve center." *Id.* at 80-81. The "nerve center" "is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's actives." *Bomkamp v. Hilton Worldwide, Inc.*, No. 4:13-CV-1569 CAS, 2014 WL, 897368 at *8 (E.D. Mo. Mar. 6, 2014) (quoting *Hertz*, 559 U.S. at 92-93). Subsidiary corporations have their own principal places of business for the purposes of diversity jurisdiction, unless it is merely an alter ego or agent of the parent corporation. *See Bejcek v. Allied Life Fin. Corp.*, 131 F. Supp. 2d 1109, 1112 (S.D. Iowa 2001) ("The rule is that 'subsidiary and parent corporations are generally considered to be separate entities for diversity jurisdiction purposes.'" (quoting *U.S.I. Props. Corp. v. M.D. Constr. Co., Inc.*, 860 F.2d 1, 7 (1st Cir. 1988)) (citing *Danjaq v. Pathe Commc'ns Corp.,* 979 F.2d 772, 775 (9th Cir. 1992); *Schwartz v. Elec. Data Sys., Inc.*, 913 F.2d 279, 283 (6th Cir. 1990); *Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1142 (3d Cir.1972); 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 102.56[7][a] (3d ed. 2000)).

As Plaintiff points out in his Motion to Remand, Defendant has made affirmative representations that its principal place of business is in Kansas City, Missouri. In addition to the representations that Defendant made in its corporate filings, the Defendant also named Kansas City, Missouri as its principal place of business in a 2020 False Claims Act case. (Doc. 11 at 3.) Defendant also maintains an office in Kansas City, Missouri, where more than eight employees work. (Doc. 14 at 7.) Among these eight employees are two Vice Presidents of the company and one member of the Executive Management Team. (*Id.*) In Defendant's Notice of Removal to Federal Court, Defendant indicated that the Executive Leadership Team is "responsible for directing, controlling, and coordinating the company's policies and practices." (Doc. 1 at 3.)

5

While the Court acknowledges Defendant claims all decisions concerning Plaintiff's employment and termination would have occurred either in Kansas or Australia, this Court must resolve any ambiguity in favor of remand. Thus, in light of Defendant's affirmative representations as well as the presence of corporate officers in Kansas City, Missouri, this Court is satisfied that Defendant's principal place of business is in Kansas City, Missouri for purposes of this Order. Plaintiff is a citizen of Kansas. Thus, the parties have complete diversity of citizenship.

Because Defendant's principal place of business—its "nerve center"—is in Missouri, the forum-defendant rule requires remand.

### III. Fraudulent Pleading

Defendant argues that Plaintiff has fraudulently pleaded his claim under § 287.780 for the sole purpose of evading removal. Defendant further asserts that this Court, therefore, is permitted to hear this case to "weed out fraudulent assertions." (Doc. 14 at 4.) This Court finds that Defendant's fraudulent pleading argument fails because Plaintiff has a reasonable basis for pleading under § 287.780.

"A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). An exception to this general rule occurs when a plaintiff fraudulently pleads a claim to avoid federal jurisdiction. *White v. Union Pac. R.R.*, No. 4:19-cv-00080-DGK, 2019 WL 3400716, at *3 (W.D. Mo. July 26, 2019). A party fraudulently pleads a claim if that claim is "so baseless and colorable[3] as to constitute a fraudulent attempt" to thwart removal. *Id.* (quoting *Farmers' Bank & Tr. Co. v. Atchison, T. & S. F. R. Co.*, 25 F.2d 23, 29 (8th Cir. 1928)). A claim is not fraudulent where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Junk*, 628 F.3d at 445 (citing *Filla v. Norfolk Southern Ry. Co.* 336 F.3d 806, 811 (8th Cir. 2003)). "The reasonable basis standard articulated in *Filla* is distinct from, and less demanding than, the Rule 12(b)(6) plausibility standard . . . ." *Tracy Family Farms, Inc. v. Precision Planting, LLC*, No. 5:21-06039-CV-RK, 2021 WL 5546462, at *5 (W.D. Mo. Aug. 31, 2021). In making the prediction of whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved, "the district court

---

[3] "'Colorable,' in this sense, means 'intended to deceive; counterfeit.'" *White v. Union Pac. R.R.*, No. 4:19-cv-00080-DGK, 2019 WL 3400716, at *3 n.3 (W.D. Mo. July 26, 2019) (quoting *Colorable*, BLACK'S LAW DICTIONARY (11th ed. 2019)).

6

should resolve all facts," as well as any "ambiguities in the current controlling substantive law in the plaintiff's favor." *Filla*, 336 F.3d at 811.

As Plaintiff asserts in his Motion to Remand, "Plaintiff cannot have fraudulently relied on the Missouri statute to protect himself against removal" because Defendant "is subject to the forum-defendant rule, so the matter was already unremovable." (Doc. 11 at 8.) Furthermore, Plaintiff pleaded under § 287.780 in the alternative.[4] However, setting aside the procedural improbability that Plaintiff pleaded under § 287.780 to avoid removal, Plaintiff still had a reasonable basis to believe that Defendant created Plaintiff's employment contract in Missouri. Defendant's principal place of business in the United States—as discussed *supra*—is in Kansas City, Missouri. While it is possible a company may create its employment contracts at places other than its principal place of business, *Filla* requires only a reasonable basis. Plaintiff has demonstrated a reasonable basis for his assertion that Defendant created his employment contract in Missouri, thus requiring Defendant to comport with § 287.780. As such, the Court is persuaded by Plaintiff's argument that the Court should not "summarily accept [Defendant's] position that Plaintiff's employment contract has no connection to Missouri" (Doc. 11 at 8), and that, therefore, Plaintiff did not fraudulently plead under § 287.780.

Thus, because Plaintiff had a reasonable basis to believe that Defendant created Plaintiff's employment contract in Missouri, and because Plaintiff pleaded Count I in the alternative, this Court finds that Defendant's fraudulent pleading argument is without merit.

## Conclusion

Accordingly, and after careful consideration, the Court finds that it lacks subject matter jurisdiction over this case. First, this Court finds that Plaintiff's claims do not present a federal

---

[4] Defendant cites *Hill v. Freedman*, 608 S.W.3d 650 (Mo. Ct. App. 2020), to support its argument that Plaintiff fraudulently pleaded his claim under § 278.780. Defendant argues *Hill* dictates that Kansas law should control because Plaintiff filed a workers' compensation claim in Kansas. In *Hill*, the court explained that when a court must decide about choice of law, the law of the state from which the plaintiff collects workers' compensation governs. 608 S.W.3d at 655-56. The instant case, however, is not about a choice of law. Plaintiff in this case pleaded under two statutes *in the alternative* as two legal theories for recovery because relevant acts occurred in both Missouri and Kansas. Defendant fails to cite authority that extends the *Hill* standard to facts and claims like those in the instant case. And even if the *Hill* standard applied in this case, neither party has submitted evidence that Plaintiff collected workers' compensation from Kansas, only that Plaintiff filed a claim. Ultimately, in determining whether Plaintiff fraudulently pleaded this claim, this Court must resolve all facts and ambiguities in current controlling substantive law in Plaintiff's favor. *See Filla,* 336 F.3d 806 at 811.

question.  Second, as to subject matter jurisdiction based on complete diversity, Defendant is subject to the forum-defendant rule.  Finally, Defendant's fraudulent pleading argument fails. Therefore, Plaintiff's motion to remand (Doc. 11) is **GRANTED.**  This case is **REMANDED** to the Circuit Court of Platte County.

 **IT IS SO ORDERED.**

                s/ Roseann A. Ketchmark  
                ROSEANN A. KETCHMARK, JUDGE  
                UNITED STATES DISTRICT COURT

DATED:  April 18, 2022

8

Case 5:21-cv-06143-RK   Document 25   Filed 04/18/22   Page 8 of 8